SCHOOL DISTRICT No. 107 *v.* PERRYMORE.

Opinion delivered March 15, 1920.

SCHOOLS AND SCHOOL DISTRICTS—EMPLOYMENT OF RELATIVE—PETITION. —Under Kirby's Digest, § 7616, prohibiting school directors from employing any person as teacher related to them except on petition of two-thirds of the patrons, such a petition for the employment of a relative of a director to teach a summer school for 1917, or "any succeeding school," did not authorize the employment of such relative for a succeeding school, as there must be a separate petition with reference to each employment.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; reversed.

*Sid White,* for appellate.

1.. It nowhere appears in the evidence that appellee at any time during the period alleged in the complaint was possessed of a certificate of graduation or license to teach as required by law. Failing this, he can recover nothing. Kirby & Castle's Digest, § 9574, 9526; 35 Cyc. 1106, 25; L. R. A. 383.

2. Plaintiff was related as first cousin by blood to Director Needham, and the contest was void unless based upon a petition signed by two-thirds of the patrons of the district and school. K. & C. Dig. 9527; 71 Ark. 87. The petition signed in 1917 was insufficient to authorize the employment in 1918-1919. The petition must be re-

newed each school term as one petition is not sufficient The court erred in declaring the petition sufficient.

*Robert J. White,* for appellee.

The court was correct in holding that the petition in form and substance contained two-thirds of the patrons and was sufficient. The verdict is supported by the law and the testimony. 191 S. W. 949; 81 Ark. 194, 72 *Id.* 657; 83 *Id.* 491.

HUMPHREYS, J. Appellee instituted suit against appellant, a common school district, in the Logan Circuit Court, Northern District, to recover damages, growing out of an alleged breach of a contract of employment entered into on June 1, 1918, between said parties, for appellee to teach the school in said district for the summer of 1918 and fall and winter of 1918-19. The written contract of employment was attached to and made the basis for the action. It was alleged that the directors of the district, without right or authority, refused to permit appellee to teach the school at the time and place provided in the contract, notwithstanding appellee's offer to carry out the contract according to its terms; that appellee was unable to obtain other employment until late in the fall of 1918, to his damage in the sum of $525.

Appellant filed an answer, setting up, among other defenses, that appellee was related by consanguinity within the fourth degree to a member of its board of directors.

The cause was submitted to a jury upon the issues presented by the pleadings, the evidence adduced and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $280, from which judgment an appeal has been duly prosecuted to this court.

Upon an issue decisive of the cause, the undisputed evidence disclosed that appellee was a first cousin, by blood, to J. L. Needham, one of the school directors of said district at the time the contract of employment was entered into; that no petition was signed by two-thirds of the patrons of said school district immediately before

the employment, authorizing the directors to employ appellee to teach the summer term of 1918, and fall and winter terms of 1918 and 1919; that a petition had been signed by two-thirds of the patrons of said district on March 21, 1917, expressing a willingness for the directors to employ appellee to teach the summer school for 1917, or "any succeeding school that they may see fit to employ him to teach."

It is insisted by appellant that the petition signed in 1917 by two-thirds of the patrons of the district, expressing a willingness for the directors to employ appellee, was insufficient to authorize the employment of appellee to teach the school in 1918-19. The contention is predicated upon section 7616 of Kirby's Digest, which, in part, is as follows: "School directors are hereby prohibited from employing any person as teacher in the public schools related to either of them by consanguinity or affinity within the fourth degree, unless two-thirds of the patrons of a public school should petition them to do so."

Unless the interpretation placed upon the statute by appellant is correct, an applicant for a school, related within the prohibited degrees to a member of the school board, might justify an indefinite number of employments by procuring one petition embracing the names of two-thirds of the patrons of the school district prior to the first employment. Even after the *personnel* of the citizenship of the district had entirely changed, a waiver of the old patrons would bind the new citizenship or new patrons of the school. So, likewise, even if the patrons signing the original petition had changed their minds at the expiration of the first contract, a new employment could be justified on the original written consent. In view of the fact that the citizenship of a school district is constantly changing and that patrons might change their minds from time to time, it is not probable that the Legislature had the purpose and intent in enacting the statute to allow one expression of opinion on the part of the patrons to govern all subsequent employments. We think the purpose and intent of the act was to make each

employment of a relative of any member of a board of directors, within the prohibited degrees, dependent upon the consent of two-thirds of the existing patrons of the school. In other words, that a petition, bearing the requisite number of names, can justify an employment for one period of time only.

For the error indicated, the judgment is reversed and the complaint dismissed.